UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**STATE OF OHIO,**

    **Plaintiff,**

  v.

**SECRETARY, DEPARTMENT OF TREASURY, et al.**

    **Defendants.**

Case No. 1:21-cv-181
JUDGE DOUGLAS R. COLE

## ORDER

This cause comes before the Court on Stephen Wallace's pro se Emergency Motion to Intervene (Doc. 7). As best the Court can tell, Wallace seeks intervenor status (1) to challenge Congress's allegedly wrongful expenditure of federal funds, and (2) to procure a protective order with witness protection. For the reasons set forth below, the Court finds that Wallace has not shown that the Federal Rules of Civil Procedure warrant granting him intervenor status. Thus, the Court **DENIES** Wallace's Motion.

## BACKGROUND

Plaintiff State of Ohio ("Ohio") filed this suit to challenge an allegedly unconstitutional provision, which Ohio labels the "Tax Mandate," in the American Rescue Plan Act of 2021. (Compl., Doc. 1, PageID #2). Under the Tax Mandate, the federal funds provided to Ohio could not be "directly or indirectly" used to offset a "reduction in net tax revenue." (*Id.*). Ohio believes that this condition, tied to $5.5 billion issued to alleviate economic damage caused by the COVID-19 pandemic,

exceeds Congress's Spending Clause authority. That is because the provision's allegedly coercive nature offers Ohio "no real choice" but to accept the money and concomitant tax policy restrictions. (*Id.* at 9). Ohio also alleges that the Tax Mandate violates the Tenth Amendment by flouting the anti-commandeering doctrine. (*Id.* at 10). On March 17, 2021, Ohio moved for a preliminary injunction enjoining enforcement of the Tax Mandate. (*See generally* Pl.'s Mot. for Prelim. Inj., Doc. 25).

On March 24, 2021, Wallace filed the instant Emergency Motion to Intervene. Although somewhat difficult to follow, Wallace's Motion appears to allege misappropriation of taxpayer funds in relation to the American Rescue Plan Act of 2021, and also asserts a potential conspiracy through which Wallace has been "Stalked for Abduction & Termination" by government officials. (Mot. to Intervene, Doc. 7, PageID #59–60). Appealing to "the Interest of Justice" and the "National Security of our Republic," Wallace seeks a protective order and witness protection along with his challenge to federal disbursement of federal funds. (*Id.* at #60–61).

## LAW AND ANALYSIS

Federal Rule of Civil Procedure 24 governs motions to intervene. *Providence Baptist Church v. Hillandale Comm., Ltd.*, 245 F.3d 308, 315 (6th Cir. 2005). That rule recognizes two types of intervention: intervention of right and permissive intervention. As Wallace has not identified which type of intervention he seeks, the Court considers both possibilities in turn.

Let's begin with intervention of right. Under Federal Rule of Civil Procedure 24(a), courts "must permit" intervention of right if either (1) a federal statute gives

2

the movant "an unconditional right to intervene," or (2) the movant "claims an interest relating to the property or transaction that is the subjection of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." In other words, courts must grant intervenor status to anyone who satisfies either element of Rule 24(a). But Wallace stumbles along both paths to intervention of right. As to the federal statute issue, Wallace cites no federal statute giving him a right to intervene in this matter and, to the Court's knowledge, no statute would do so. So that means Wallace must identify an interest in "the property or transaction that is the subject" of Ohio's lawsuit, or else he cannot secure intervention of right.

Here, the only interest Wallace conceivably alleges that relates to the subject of Ohio's lawsuit, i.e., the constitutionality of the Tax Mandate, is his generalized interest as a citizen and taxpayer in Congress's proper disbursement of government funds. But that is a nonstarter given the taxpayer standing doctrine. "As a general matter, the interest of a federal taxpayer in seeing that Treasury funds are spent in accordance with the Constitution does not give rise to the kind of redressable 'personal injury' required for Article III standing." *Hein v. Freedom From Religion Found., Inc.*, 551 U.S. 587, 599 (2007). Here, Wallace fails to assert any interest in Ohio's suit that goes beyond "the interests of the public at large" in ensuring that tax money is spent wisely and lawfully. *Id.* at 601. And that interest does not permit him entry into Ohio's lawsuit. *See Ark Encounter, LLC v. Stewart*, 311 F.R.D. 414, 419

3

(E.D. Ky. 2015) (reasoning that "any taxpayer's generalized concern about the use of their tax dollars" does not support a would-be intervenor's "substantial legal interest" in a suit). Thus, Wallace has no viable interest in Ohio's lawsuit that supports intervention of right.

That leaves permissive intervention. As the term suggests, the Court *may* employ its discretion to grant intervenor status under Federal Rule of Civil Procedure 24(b), but it is by no means compelled to do so. Rule 24(b) allows courts to grant permissive intervention to a movant who either (1) "is given a conditional right to intervene by a federal statute," or (2) "has a claim or defense that shares with the main action a common question of law or fact." Wallace fails to satisfy either ground for permissive intervention for the same reasons discussed above. First, he cites no federal statute providing a conditional right to intervene. Second, Wallace's only claim that relates to Ohio's suit is his allegation that the American Rescue Plan Act of 2021 has unlawfully appropriated funds. Even if the Court were inclined to exercise its discretion and permit Wallace to intervene, the taxpayer standing doctrine would squarely preclude Wallace from joining Ohio's action based solely on his interest as a federal taxpayer in seeing government money spent in line with the Constitution.

As for his other allegations, Wallace is certainly free to file a separate complaint addressing any alleged "stalking" or other government plots against him. But his concerns in that regard do not raise issues relating to the constitutional challenge that Ohio mounts against the Tax Mandate in this action.[1] Thus such

---

[1] Wallace also filed a Supplement to his Emergency Motion addressing the government's alleged stalking (Doc. 12). That filing ostensibly serves as Wallace's "Last Will & Testament"

4

allegations do not support intervention here. Accordingly, the Court **DENIES** Wallace's Motion (Doc. 7).

    **SO ORDERED.**

March 30, 2021
**DATE**

                                          **DOUGLAS R. COLE**
                                          **UNITED STATES DISTRICT JUDGE**

---

should he be executed by government-employed hitmen. (*Id.* at #80). It appears that Wallace wishes to assign any potential "relator recovery" funds to the Knights of Columbus. (*Id.*). As with Wallace's Emergency Motion, the concerns expressed in this Supplement do not touch on Ohio's challenge to the Tax Mandate. Accordingly, any rights Wallace wishes to preserve relating to his stalking claim would be better addressed in a matter separate from Ohio's case.