# Exhibit A

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF OHIO

STATE OF OHIO,                                :
        *Plaintiff*,                            :
                       :      Case No. 1:21-cv-181
v.                                           :
JANET YELLEN, in her official                :      Judge Douglas R. Cole
capacity as Secretary of the                 :
Treasury; RICHARD K. DELMAR,                  :
in his official capacity as acting           :
inspector general of the Department          :
of Treasury; and U.S.                        :
DEPARTMENT OF THE                            :
TREASURY,                                    :
        *Defendants*.                         :

---

## DECLARATION OF KIMBERLY MURNIEKS

---

I, Kimberly A. Murnieks, make the following Declaration pursuant to 28 U.S.C. §1746, and state that under the penalty of perjury the following is true and correct to the best of my knowledge and belief.

1.     I am the Director of the Ohio Office of Budget and Management.

2.     It is my understanding that, under Section 9901 of the American Rescue Plan Act, a State may receive Rescue Plan funds by providing the Secretary of the Treasury "with a certification, signed by an authorized officer of such State or territory, that such State or territory requires the payment or transfer to carry out the activities specified in subsection (c) of [42 U.S.C. §802(c)] and will use any payment under this section, or transfer of funds under [42 U.S.C. §803(c)(4)], in compliance with subsection (c) of" 42 U.S.C. §802.

3.     On May 13, 2021, I signed and submitted the certification for Ohio.

4.    A true and correct copy of an email confirming the Treasury Department's receipt is attached as Exhibit 1.

5.    A true and correct copy of the confirmation form, which was signed electronically and submitted, is attached as Exhibit 2.

6.    I have personal knowledge that, on May 18, 2021, Ohio received funds through the American Rescue Plan Act.

I have read the following, and it is all true and correct.

_____5-19-2021_____        _____
Dated                                                              Kimberly A. Murnieks
                                                                      Director
                                                                      Ohio Office of Budget and Management

# Exhibit 1

| | |
|---|---|
| **From:** | slfrp@treasury.gov |
| **To:** | Stacie.Massey@obm.ohio.gov; Kim.Murnieks@obm.ohio.gov |
| **Cc:** | caresitforms@treasury.gov |
| **Subject:** | Submission Received - American Rescue Plan Act of 2021 – Treasury's Coronavirus State and Local Fiscal Recovery Funds |
| **Date:** | Thursday, May 13, 2021 10:43:29 AM |

Your submission to the Treasury Submission Portal for Coronavirus State and Local Fiscal Recovery Funds on behalf of EXECUTIVE OFFICE OF STATE OF OHIO has been received.

The submission review process generally takes approximately four business days. During that time, you may be contacted at this email address if there is an issue regarding your submission that needs correction or clarification.

You can monitor the status of your submission at any time by logging into the Treasury Submission Portal.

If the information and documentation you submitted is determined to be complete and accurate, you will receive confirmation at this email address with instructions on how to access information about your payment including the projected timing for payment.

If you have questions about the Treasury Submission Portal or for technical support, please email covidreliefitsupport@treasury.gov. If you have general questions about the Coronavirus State and Local Fiscal Recovery Funds please email SLFRP@treasury.gov or call 844-529-9527.

U.S. Department of the Treasury
Coronavirus State and Local Fiscal Recovery Funds
SLFRP@Treasury.gov

**CAUTION:** This is an external email and may not be safe. If the email looks suspicious, please do not click links or open attachments and forward the email to csc@ohio.gov or click the Phish Alert Button if available.

OMB Approved No.:1505-0271
Expiration Date: 11/30/2021

# Exhibit 2

## U.S. DEPARTMENT OF THE TREASURY
## CORONAVIRUS STATE FISCAL RECOVERY FUND

| Recipient name and address:<br>EXECUTIVE OFFICE OF STATE OF OHIO<br>30 E BROAD ST<br>COLUMBUS, Ohio 43215-3414 | DUNS Number: 809031776<br>Taxpayer Identification Number: 311334820<br>Assistance Listing Number and Title: 21.019 |
|---|---|

Section 602(b) of the Social Security Act (the Act), as added by section 9901 of the American Rescue Plan Act (ARPA), Pub. L. No. 117-2 (March 11, 2021), authorizes the Department of the Treasury (Treasury) to make payments to certain recipients from the Coronavirus State Fiscal Recovery Fund.

As a condition to receiving such payment from Treasury, the authorized representative below hereby (i) certifies that the recipient named above requires the payment to be made pursuant to section 602(b) of the Act in order to carry out the activities listed in section 602(c) of the Act and (ii) agrees to the terms attached hereto.

Section 603(b)(2) of the Act authorizes Treasury to make payments to States for the State to distribute to nonentitlement units of local government within the State in accordance with section 603(b)(2). The authorized representative below hereby agrees to use such payment from Treasury to make payments to such nonentitlement units of local government in accordance with Section 603(b) of the Act and Treasury's implementing regulations and guidance.

Section 603(b)(3)(B)(ii) of the Act authorizes Treasury to make payments to States, in the case of an amount to be paid to a county that is not a unit of general local government, for the State to distribute to units of general local government within such county in accordance with Section 603(b)(3)(B)(ii) of the Act. To the extent applicable, the authorized representative below hereby agrees to use any such payment from Treasury to make payments to such units of general local government in accordance with Section 603(b) of the Act and Treasury's implementing regulations and guidance.

Recipient:

_____
Authorized Representative:
Title:
Date signed:

U.S. Department of the Treasury:

_____
Authorized Representative:
Title:
Date signed:

PAPERWORK REDUCTION ACT NOTICE
The information collected will be used for the U.S. Government to process requests for support. The estimated burden associated with this collection of information is 15 minutes per response. Comments concerning the accuracy of this burden estimate and suggestions for reducing this burden should be directed to the Office of Privacy, Transparency and Records, Department of the Treasury, 1500 Pennsylvania Ave., N.W., Washington, D.C. 20220. DO NOT send the form to this address. An agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid control number assigned by OMB.

U.S. DEPARTMENT OF THE TREASURY
CORONAVIRUS STATE FISCAL RECOVERY FUND
AWARD TERMS AND CONDITIONS

1. Use of Funds.

    a. Recipient understands and agrees that the funds disbursed under this award may only be used in compliance with section 602(c) of the Social Security Act (the Act) and Treasury's regulations implementing that section and guidance.

    b. Recipient will determine prior to engaging in any project using this assistance that it has the institutional, managerial, and financial capability to ensure proper planning, management, and completion of such project.

2. Period of Performance. The period of performance for this award begins on the date hereof and ends on December 31, 2026. As set forth in Treasury's implementing regulations, Recipient may use award funds to cover eligible costs incurred during the period that begins on March 3, 2021, and ends on December 31, 2024.

3. Reporting. Recipient agrees to comply with any reporting obligations established by Treasury as they relate to this award.

4. Maintenance of and Access to Records

    a. Recipient shall maintain records and financial documents sufficient to evidence compliance with section 602(c), Treasury's regulations implementing that section, and guidance issued by Treasury regarding the foregoing.

    b. The Treasury Office of Inspector General and the Government Accountability Office, or their authorized representatives, shall have the right of access to records (electronic and otherwise) of Recipient in order to conduct audits or other investigations.

    c. Records shall be maintained by Recipient for a period of five (5) years after all funds have been expended or returned to Treasury, whichever is later.

5. Pre-award Costs. Pre-award costs, as defined in 2 C.F.R. § 200.458, may not be paid with funding from this award.

6. Administrative Costs. Recipient may use funds provided under this award to cover both direct and indirect costs.

7. Cost Sharing. Cost sharing or matching funds are not required to be provided by Recipient.

8. Conflicts of Interest. Recipient understands and agrees it must maintain a conflict of interest policy consistent with 2 C.F.R. § 200.318(c) and that such conflict of interest policy is applicable to each activity funded under this award. Recipient and subrecipients must disclose in writing to Treasury or the pass-through entity, as appropriate, any potential conflict of interest affecting the awarded funds in accordance with 2 C.F.R. § 200.112.

9. Compliance with Applicable Law and Regulations.

    a. Recipient agrees to comply with the requirements of section 602 of the Act, regulations adopted by Treasury pursuant to section 602(f) of the Act, and guidance issued by Treasury regarding the foregoing. Recipient also agrees to comply with all other applicable federal statutes, regulations, and executive orders, and Recipient shall provide for such compliance by other parties in any agreements it enters into with other parties relating to this award.

    b. Federal regulations applicable to this award include, without limitation, the following:

        i. Uniform Administrative Requirements, Cost Principles, and Audit Requirements for Federal Awards, 2 C.F.R. Part 200, other than such provisions as Treasury may determine are inapplicable to this Award and subject to such exceptions as may be otherwise provided by Treasury. Subpart F – Audit Requirements of the Uniform Guidance, implementing the Single Audit Act, shall apply to this award.

        ii. Universal Identifier and System for Award Management (SAM), 2 C.F.R. Part 25, pursuant to which the award term set forth in Appendix A to 2 C.F.R. Part 25 is hereby incorporated by reference.

        iii. Reporting Subaward and Executive Compensation Information, 2 C.F.R. Part 170, pursuant to which the award term set forth in Appendix A to 2 C.F.R. Part 170 is hereby incorporated by reference.

        iv. OMB Guidelines to Agencies on Governmentwide Debarment and Suspension (Nonprocurement), 2 C.F.R. Part 180, including the requirement to include a term or condition in all lower tier covered transactions (contracts and subcontracts described in 2 C.F.R. Part 180, subpart B) that the award is subject to 2 C.F.R. Part 180 and Treasury's implementing regulation at 31 C.F.R. Part 19.

2

   v. Recipient Integrity and Performance Matters, pursuant to which the award term set forth in 2 C.F.R. Part 200, Appendix XII to Part 200 is hereby incorporated by reference.

   vi. Governmentwide Requirements for Drug-Free Workplace, 31 C.F.R. Part 20.

   vii. New Restrictions on Lobbying, 31 C.F.R. Part 21.

   viii. Uniform Relocation Assistance and Real Property Acquisitions Act of 1970 (42 U.S.C. §§ 4601-4655) and implementing regulations.

   ix. Generally applicable federal environmental laws and regulations.

 c. Statutes and regulations prohibiting discrimination applicable to this award include, without limitation, the following:

   i. Title VI of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000d et seq.) and Treasury's implementing regulations at 31 C.F.R. Part 22, which prohibit discrimination on the basis of race, color, or national origin under programs or activities receiving federal financial assistance;

   ii. The Fair Housing Act, Title VIII of the Civil Rights Act of 1968 (42 U.S.C. §§ 3601 et seq.), which prohibits discrimination in housing on the basis of race, color, religion, national origin, sex, familial status, or disability;

   iii. Section 504 of the Rehabilitation Act of 1973, as amended (29 U.S.C. § 794), which prohibits discrimination on the basis of disability under any program or activity receiving federal financial assistance;

   iv. The Age Discrimination Act of 1975, as amended (42 U.S.C. §§ 6101 et seq.), and Treasury's implementing regulations at 31 C.F.R. Part 23, which prohibit discrimination on the basis of age in programs or activities receiving federal financial assistance; and

   v. Title II of the Americans with Disabilities Act of 1990, as amended (42 U.S.C. §§ 12101 et seq.), which prohibits discrimination on the basis of disability under programs, activities, and services provided or made available by state and local governments or instrumentalities or agencies thereto.

10. <u>Remedial Actions.</u> In the event of Recipient's noncompliance with section 602 of the Act, other applicable laws, Treasury's implementing regulations, guidance, or any reporting or other program requirements, Treasury may impose additional conditions on the receipt of a subsequent tranche of future award funds, if any, or take other available remedies as set forth in 2 C.F.R. § 200.339. In the case of a violation of section 602(c) of the Act regarding the use of funds, previous payments shall be subject to recoupment as provided in section 602(e) of the Act and any additional payments may be subject to withholding as provided in sections 602(b)(6)(A)(ii)(III) of the Act, as applicable.

11. <u>Hatch Act.</u> Recipient agrees to comply, as applicable, with requirements of the Hatch Act (5 U.S.C. §§ 1501-1508 and 7324-7328), which limit certain political activities of State or local government employees whose principal employment is in connection with an activity financed in whole or in part by this federal assistance.

12. <u>False Statements.</u> Recipient understands that making false statements or claims in connection with this award is a violation of federal law and may result in criminal, civil, or administrative sanctions, including fines, imprisonment, civil damages and penalties, debarment from participating in federal awards or contracts, and/or any other remedy available by law.

13. <u>Publications.</u>Any publications produced with funds from this award must display the following language: "This project [is being] [was] supported, in whole or in part, by federal award number [enter project FAIN] awarded to [name of Recipient] by the U.S. Department of the Treasury."

14. <u>Debts Owed the Federal Government.</u>

 a. Any funds paid to Recipient (1) in excess of the amount to which Recipient is finally determined to be authorized to retain under the terms of this award; (2) that are determined by the Treasury Office of Inspector General to have been misused; or (3) that are determined by Treasury to be subject to a repayment obligation pursuant to sections 602(e) and 603(b)(2)(D) of the Act and have not been repaid by Recipient shall constitute a debt to the federal government.

 b. Any debts determined to be owed the federal government must be paid promptly by Recipient. A debt is delinquent if it has not been paid by the date specified in Treasury's initial written demand for payment, unless other satisfactory arrangements have been made or if the Recipient knowingly or improperly retains funds that are a debt as defined in paragraph 14(a). Treasury will take any actions available to it to collect such a debt.

15. <u>Disclaimer.</u>

a. The United States expressly disclaims any and all responsibility or liability to Recipient or third persons for the actions of Recipient or third persons resulting in death, bodily injury, property damages, or any other losses resulting in any way from the performance of this award or any other losses resulting in any way from the performance of this award or any contract, or subcontract under this award.

b. The acceptance of this award by Recipient does not in any way establish an agency relationship between the United States and Recipient.

16. <u>Protections for Whistleblowers.</u>

   a. In accordance with 41 U.S.C. § 4712, Recipient may not discharge, demote, or otherwise discriminate against an employee in reprisal for disclosing to any of the list of persons or entities provided below, information that the employee reasonably believes is evidence of gross mismanagement of a federal contract or grant, a gross waste of federal funds, an abuse of authority relating to a federal contract or grant, a substantial and specific danger to public health or safety, or a violation of law, rule, or regulation related to a federal contract (including the competition for or negotiation of a contract) or grant.

   b. The list of persons and entities referenced in the paragraph above includes the following:

      i. A member of Congress or a representative of a committee of Congress;

      ii. An Inspector General;

      iii. The Government Accountability Office;

      iv. A Treasury employee responsible for contract or grant oversight or management;

      v. An authorized official of the Department of Justice or other law enforcement agency;

      vi. A court or grand jury; or

      vii. A management official or other employee of Recipient, contractor, or subcontractor who has the responsibility to investigate, discover, or address misconduct.

   c. Recipient shall inform its employees in writing of the rights and remedies provided under this section, in the predominant native language of the workforce.

17. <u>Increasing Seat Belt Use in the United States.</u> Pursuant to Executive Order 13043, 62 FR 19217 (Apr. 18, 1997), Recipient should encourage its contractors to adopt and enforce on-the-job seat belt policies and programs for their employees when operating company-owned, rented or personally owned vehicles.

18. <u>Reducing Text Messaging While Driving.</u> Pursuant to Executive Order 13513, 74 FR 51225 (Oct. 6, 2009), Recipient should encourage its employees, subrecipients, and contractors to adopt and enforce policies that ban text messaging while driving, and Recipient should establish workplace safety policies to decrease accidents caused by distracted drivers.

OMB Approved No. 1505-0271
Expiration Date: November 30, 2021

**ASSURANCES OF COMPLIANCE WITH CIVIL RIGHTS REQUIREMENTS**
ASSURANCES OF COMPLIANCE WITH TITLE VI OF THE CIVIL RIGHTS ACT OF 1964

As a condition of receipt of federal financial assistance from the Department of the Treasury, the recipient named below (hereinafter referred to as the "Recipient") provides the assurances stated herein. The federal financial assistance may include federal grants, loans and contracts to provide assistance to the Recipient's beneficiaries, the use or rent of Federal land or property at below market value, Federal training, a loan of Federal personnel, subsidies, and other arrangements with the intention of providing assistance. Federal financial assistance does not encompass contracts of guarantee or insurance, regulated programs, licenses, procurement contracts by the Federal government at market value, or programs that provide direct benefits.

The assurances apply to all federal financial assistance from or funds made available through the Department of the Treasury, including any assistance that the Recipient may request in the future.

The Civil Rights Restoration Act of 1987 provides that the provisions of the assurances apply to all of the operations of the Recipient's program(s) and activity(ies), so long as any portion of the Recipient's program(s) or activity(ies) is federally assisted in the manner prescribed above.

1. Recipient ensures its current and future compliance with Title VI of the Civil Rights Act of 1964, as amended, which prohibits exclusion from participation, denial of the benefits of, or subjection to discrimination under programs and activities receiving federal financial assistance, of any person in the United States on the ground of race, color, or national origin (42 U.S.C. § 2000d et seq.), as implemented by the Department of the Treasury Title VI regulations at 31 CFR Part 22 and other pertinent executive orders such as Executive Order 13166, directives, circulars, policies, memoranda, and/or guidance documents.

2. Recipient acknowledges that Executive Order 13166, "Improving Access to Services for Persons with Limited English Proficiency," seeks to improve access to federally assisted programs and activities for individuals who, because of national origin, have Limited English proficiency (LEP). Recipient understands that denying a person access to its programs, services, and activities because of LEP is a form of national origin discrimination prohibited under Title VI of the Civil Rights Act of 1964 and the Department of the Treasury's implementing regulations. Accordingly, Recipient shall initiate reasonable steps, or comply with the Department of the Treasury's directives, to ensure that LEP persons have meaningful access to its programs, services, and activities. Recipient understands and agrees that meaningful access may entail providing language assistance services, including oral interpretation and written translation where necessary, to ensure effective communication in the Recipient's programs, services, and activities.

3. Recipient agrees to consider the need for language services for LEP persons when Recipient develops applicable budgets and conducts programs, services, and activities. As a resource, the Department of the Treasury has published its LEP guidance at 70 FR 6067. For more information on taking reasonable steps to provide meaningful access for LEP persons, please visit http://www.lep.gov.

4. Recipient acknowledges and agrees that compliance with the assurances constitutes a condition of continued receipt of federal financial assistance and is binding upon Recipient and Recipient's successors, transferees, and assignees for the period in which such assistance is provided.

5. Recipient acknowledges and agrees that it must require any sub-grantees, contractors, subcontractors, successors, transferees, and assignees to comply with assurances 1-4 above, and agrees to incorporate the following language in every contract or agreement subject to Title VI and its regulations between the Recipient and the Recipient's sub-grantees, contractors, subcontractors, successors, transferees, and assignees:

   *The sub-grantee, contractor, subcontractor, successor, transferee, and assignee shall comply with Title VI of the Civil Rights Act of 1964, which prohibits recipients of federal financial assistance from excluding from a program or activity, denying benefits of, or otherwise discriminating against a person on the basis of race, color, or national origin (42 U.S.C. § 2000d et seq.), as implemented by the Department of the Treasury's Title VI regulations, 31 CFR Part 22, which are herein incorporated by reference and made a part of this contract (or agreement). Title VI also includes protection to persons with "Limited English Proficiency" in any program or activity receiving federal financial assistance, 42 U.S.C. § 2000d et seq., as implemented by the Department of the Treasury's Title VI regulations, 31 CFR Part 22, and herein incorporated by reference and made a part of this contract or agreement.*

6. Recipient understands and agrees that if any real property or structure is provided or improved with the aid of federal financial assistance by the Department of the Treasury, this assurance obligates the Recipient, or in the case of a subsequent transfer, the transferee, for the period during which the real property or structure is used for a purpose for which the federal

5

financial assistance is extended or for another purpose involving the provision of similar services or benefits. If any personal property is provided, this assurance obligates the Recipient for the period during which it retains ownership or possession of the property.

7.  Recipient shall cooperate in any enforcement or compliance review activities by the Department of the Treasury of the aforementioned obligations. Enforcement may include investigation, arbitration, mediation, litigation, and monitoring of any settlement agreements that may result from these actions. The Recipient shall comply with information requests, on-site compliance reviews and reporting requirements.

8.  Recipient shall maintain a complaint log and inform the Department of the Treasury of any complaints of discrimination on the grounds of race, color, or national origin, and limited English proficiency covered by Title VI of the Civil Rights Act of 1964 and implementing regulations and provide, upon request, a list of all such reviews or proceedings based on the complaint, pending or completed, including outcome. Recipient also must inform the Department of the Treasury if Recipient has received no complaints under Title VI.

9.  Recipient must provide documentation of an administrative agency's or court's findings of non-compliance of Title VI and efforts to address the non-compliance, including any voluntary compliance or other agreements between the Recipient and the administrative agency that made the finding. If the Recipient settles a case or matter alleging such discrimination, the Recipient must provide documentation of the settlement. If Recipient has not been the subject of any court or administrative agency finding of discrimination, please so state.

10. If the Recipient makes sub-awards to other agencies or other entities, the Recipient is responsible for ensuring that sub-recipients also comply with Title VI and other applicable authorities covered in this document State agencies that make sub-awards must have in place standard grant assurances and review procedures to demonstrate that that they are effectively monitoring the civil rights compliance of subrecipients.

The United States of America has the right to seek judicial enforcement of the terms of this assurances document and nothing in this document alters or limits the federal enforcement measures that the United States may take in order to address violations of this document or applicable federal law.

Under penalty of perjury, the undersigned official(s) certifies that official(s) has read and understood the Recipient's obligations as herein described, that any information submitted in conjunction with this assurances document is accurate and complete, and that the Recipient is in compliance with the aforementioned nondiscrimination requirements.

EXECUTIVE OFFICE OF STATE OF OHIO
Recipient

_____
Date

_____
Signature of Authorized Official

PAPERWORK REDUCTION ACT NOTICE
The information collected will be used for the U.S. Government to process requests for support. The estimated burden associated with this collection of information is 30 minutes per response. Comments concerning the accuracy of this burden estimate and suggestions for reducing this burden should be directed to the Office of Privacy, Transparency and Records, Department of the Treasury, 1500 Pennsylvania Ave., N.W., Washington, D.C. 20220. DO NOT send the form to this address. An agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid control number assigned by OMB.