IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| STATE OF OHIO,<br><br>        Plaintiff,<br><br>        v.<br><br>JANET YELLEN, in her official capacity as Secretary of the Treasury; RICHARD K. DELMAR, in his official capacity as acting inspector general of the Department of Treasury; and U.S. DEPARTMENT OF THE TREASURY,<br><br>        Defendants. | Case No. 1:21-cv-181<br><br>Judge Douglas R. Cole |

**UNOPPOSED MOTION OF THE BUCKEYE INSTITUTE
TO FILE *AMICUS CURIAE* BRIEF IN SUPPORT OF
THE STATE OF OHIO'S MOTION FOR PERMANENT INJUNCTION**

The Buckeye Institute respectfully moves this Court for leave to submit the attached *amicus curie* brief (Exhibit A) in support of the State of Ohio. The Plaintiff and Defendants consent to the filing of this amicus brief.

**INTERESTS OF PROPOSED *AMICUS CURIAE***

*Amicus curiae* The Buckeye Institute was founded in 1989 as an independent research and educational institution—a "think tank"—to formulate and promote free-market solutions for Ohio's most pressing public policy problems. The Buckeye Institute is dedicated to upholding the balance of power between States and the federal government as prescribed by the U.S. Constitution, to creating a pro-growth economic tax system, and to ensuring responsible government spending. The Tax Mandate's capacious, open-ended prohibition on any State

activity that could directly or indirectly offset a reduction in a State's tax revenue frustrates these efforts.

## ARGUMENT

There is "[n]o statute, rule, or controlling case" that "defines a federal district court's power to grant or deny leave to file an amicus brief." *U.S. ex rel. Gudur v. Deloitte Consulting LLP*, 512 F. Supp. 2d 920, 927 (S.D. Tex. 2007). The decision "lies solely within the court's discretion." *Id.*; *see also Cascade Nat. Gas Corp. v. El Paso Nat. Gas Co.,* 386 U.S. 129, 159 n.27 (1967) (Stewart, J. dissenting); *Waste Mgmt. of Penn., Inc. v. New York,* 162 F.R.D. 34, 36 (M.D. Pa. 1995). But district courts "commonly refer to [Federal] Rule [of Appellate Procedure] 29 for guidance," and they "typically grant amicus status where the parties contribute to the court's understanding of the matter in question by proffering timely and useful information." *Gudur*, 512 F. Supp. 2d at 927 (quotation marks omitted); *see also United States v. Louisiana*, 751 F. Supp. 608, 620 (E.D. La. 1990) (explaining that "[t]here are no strict prerequisites" for leave and that "amicus must merely make a showing that his participation is useful to or otherwise desirable by the court").

Furthermore, when exercising their discretion, courts "err on the side of granting leave." *Neonatology Assocs., Penn. v. Comm'r*, 293 F.3d 128, 133 (3d Cir. 2002). As then-Judge Alito explained, "[i]f an amicus brief that turns out to be unhelpful is filed, the [court], after studying the case, will often be able to make that determination without much trouble and can then simply disregard the amicus brief. On the other hand, if a good brief is rejected, the [court] will be deprived of a resource that might have been of assistance." *Id.* As in the instant case, "*amicus* briefs are typically allowed 'when the *amicus* has unique information or perspective that can help the court beyond the help that the lawyers are able to provide.'" *Mobile Cnty. Water, Sewer & Fire Prot. Auth., Inc. v. Mobile Area Water & Sewer Sys., Inc.*, 567 F. Supp. 2d 1342, 1344 n.1 (S.D. Ala. 2008), *aff'd* 564 F.3d 1290 (11th Cir. 2009).

Here, The Buckeye Institute's brief will be "useful" to the Court. *Gudur*, 512 F. Supp. 2d at 927. The Buckeye Institute's brief explains how the Department of the Treasury's Interim

Final Rule cannot cure the Tax Mandate's inherent ambiguity and potentially limitless reach, violative of the Constitution's Spending Clause. It describes how the Executive Branch can never cure a violation of the relevant clear-statement rule, including and especially via rulemaking. And it further explains how the Interim Final Rule fails to provide the requisite clarity.

Thus, The Buckeye Institute "fulfil[s] the classic role of amicus curiae": "assist[ing] the court in cases of general public interest by making suggestions to the court, by providing supplementary assistance to existing counsel, and by insuring a complete and plenary presentation of difficult issues so that the court may reach a proper decision." *Miller-Wohl Co. v. Comm'r of Labor & Indus. State of Mont.*, 694 F.2d 203, 204 (9th Cir. 1982) (quotation marks omitted); *see also Sierra Club v. Wagner*, 581 F. Supp. 2d 246, 250 n.1 (D.N.H. 2008) (quoting *Newark Branch, NAACP v. Harrison*, 940 F.2d 792, 808 (3d Cir. 1991)). Moreover, although Plaintiffs' arguments may touch on some of the same issues, The Buckeye Institute's brief "is proper" because it "present[s] aspects of ideas, arguments, [or] theories…that are not in the parties' briefs." *United States v. Holy Land Found. for Relief & Dev.*, 2009 WL 10680203, at *2 (N.D. Tex. July 1, 2009) *rev'd in part on other grounds*, 624 F.3d 685 (5th Cir. 2010). "[S]ome repetition" by an *amicus* is inevitable and "should be tolerated on the ground it is easily disregarded. After all, sometimes the most important thing a friend can do is remind you to do what is right." Luther T. Munford, *Listening to Friends of the Court*, ABA J. 128 (Aug. 1998).

Finally, The Buckeye Institute's brief is "timely." *Gudur*, 512 F. Supp. 2d at 927. It submits its brief within 7 days after the principal brief of the party being supported is filed. *See* Fed. R. App. P. 29(a)(6). Further, Defendants could not possibly suffer any prejudice by a brief that they consented to the filing of via e-mail.

## CONCLUSION

For all these reasons, The Buckeye Institute respectfully requests leave to file the attached *amicus* brief.

Dated: May 21, 2021

Respectfully submitted,

/s/ Robert Alt
Robert Alt (0091753)
 *Counsel of Record*
THE BUCKEYE INSTITUTE
88 East Broad Street, Suite 1300
Columbus, Ohio 43215
Telephone: 614.224.4422
robert@buckeyeinstitute.org

Andrew M. Grossman
Sean Sandoloski
BAKER & HOSTETLER LLP
Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Telephone: 202.861.1500
Facsimile: 202.861.1783
agrossman@bakerlaw.com

*Counsel for* Amicus Curiae
*The Buckeye Institute*

## CERTIFICATE OF SERVICE

      I hereby certify that on May 21, 2021, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system.

                                             /s/ Robert Alt
                                             Robert Alt (0091753)
                                             *Counsel for* Amicus Curiae