# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| Deborah S. Hunt<br>Clerk | 100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988 | Tel. (513) 564-7000<br>www.ca6.uscourts.gov |

Filed: October 06, 2021

Mr. Stephen P. Wallace
640 Clematis Street
Number 92
West Palm Beach, FL 33402

        Re:  Case No. 21-3646, *In re: Stephen Wallace*
              Originating Case No. : 1:21-cv-00181

Dear Mr. Wallace,

  The Court issued the enclosed Order today in this case.

                                       Sincerely yours,

                                       s/Julie for
                                       Robin Baker, Case Manager
                                       Direct Dial No. 513-564-7014

cc:  Mr. Richard W. Nagel

Enclosure

No mandate to issue

No. 21-3646

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

In re: STEPHEN P. WALLACE,    )
                              )
       Petitioner.            )     O R D E R
                              )

FILED
Oct 06, 2021
DEBORAH S. HUNT, Clerk

Before: McKEAGUE, KETHLEDGE, and READLER, Circuit Judges.

Stephen P. Wallace, a self-described "private attorney general/relator" proceeding on behalf of himself and all United States taxpayers, petitions for a writ of mandamus, asking that we compel the district court to grant his motion to intervene in a State of Ohio suit challenging the constitutionality of a provision of the American Rescue Act of 2021; to temporarily stay Congress's diversion of funds from the United States Treasury and further wasteful spending; and to compel a private entity to conduct a forensic audit. He also twice moves for relief asking the court, sitting en banc, to: (1) assume original jurisdiction and grant the requested relief; and (2) impeach and/or disqualify Chief Judge Jeffrey S. Sutton, award Wallace damages, and grant Wallace the relief sought in his mandamus petition.

"The remedy of mandamus is a drastic one, to be invoked only in extraordinary situations where the petitioner can show a clear and indisputable right to the relief sought." *In re Am. President Lines, Ltd.*, 929 F.2d 226, 227 (6th Cir. 1991) (order). Accordingly, "[t]he writ of mandamus is not to be used when the most that could be claimed is that the district courts have erred in ruling on matters within their jurisdiction." *Schlagenhauf v. Holder*, 379 U.S. 104, 112 (1964) (internal quotation marks and citation omitted).

No. 21-3646
-2-

Federal Rule of Civil Procedure 24 places motions to intervene squarely within the jurisdiction of the district court, providing for both mandatory intervention of right and the discretion to grant permissive intervention. Fed. R. Civ. P. 24(a)–(b). The district court fully explored the possible interests Wallace might have in the State of Ohio's lawsuit under both theories, and liberally construed his arguments in that regard. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); Fed. R. Civ. P. 8(e). Moreover, mandamus relief is not available when petitioners have "adequate alternative means to obtain the relief they seek." *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1078 (6th Cir. 1996) (quoting *Mallard v. U.S. Dist. Court*, 490 U.S. 296, 309 (1989)). It is also "not intended to substitute for appeal after a final judgment." *In re Life Invs. Ins. Co. of Am.*, 589 F.3d 319, 323 (6th Cir. 2009). Wallace could have appealed the district court's denial of intervention. *See United States v. Michigan*, 424 F.3d 438, 443 (6th Cir. 2005). He failed to timely do so, and the district court has since entered a final judgment permanently enjoining the provision of the American Rescue Act challenged by Ohio. Defendants have appealed. Wallace may also move pursuant to Federal Rule of Civil Procedure 24 to intervene in the appeal, *see Ne. Ohio Coal. for Homeless v. Blackwell*, 467 F.3d 999, 1006–07 (6th Cir. 2006), or move for leave to file an amicus brief in accordance with Federal Rule of Appellate Procedure 29. Wallace therefore has or had adequate alternative remedies and mandamus is improper.

To the extent that Wallace requests other "emergency relief," his requests are moot and have no basis in the law. The original jurisdiction over this case is vested in the district court, and we are without authority to assume it as Wallace requests, en banc or otherwise. *See* 28 U.S.C. § 1331. Impeaching an Article III judge is likewise beyond the scope of our authority, having been assigned to Congress. *See* U.S. Const. art. I, § 2; *Nixon v. United States*, 506 U.S. 224, 237–38 (1993).

No. 21-3646
-3-

The petition for a writ of mandamus is **DENIED**. The emergency motions to assume original jurisdiction, to impeach the Chief Judge, and grant relief are **DENIED AS MOOT**.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk